UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN JUSTIN BROWNLEE, | No. 2:19-cv-2056 KJM CKD P |
| Plaintiff, | |
| v. | ORDER |
| D. HENRY, et al., | |
| Defendants. | |

Plaintiff is appearing pro se and in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) & (2). Plaintiff's amended complaint (ECF No. 1) is before the court for screening.

The court finds that this case may proceed against defendants Siebert, Henry and Woodfill on a claim for excessive force arising under the Eighth Amendment and a claim against defendant Carlisle on a claim for failure to protect from violence, also arising under the Eighth Amendment

1

as detailed on page 7 of plaintiff's complaint. With respect to the other defendants identified in plaintiff's complaint, the facts alleged fail to state actionable claims. Plaintiff has two options: 1) he may proceed on the claims described above; or 2) make an attempt to cure the deficiencies in his complaint with respect to the other defendants and claims.

If plaintiff decides to file an amended complaint, plaintiff should consider the following:

1. In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

2. In order to state an actionable claim, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, in his amended complaint, plaintiff must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

3. Any challenge to prisoner disciplinary proceedings which resulted in the revocation of good conduct sentence credit must be brought in a petition for writ of habeas corpus and not a 42

/////

U.S.C. § 1983 action unless the revoked sentence credit has been restored. <u>See</u> <u>Edwards v. Balisok</u>, 520 U.S. 641, 646-47 (1996).

Finally, plaintiff is informed that if he elects to amend the court cannot refer to a prior pleading in order to make the amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF Nos. 20 & 6) is granted; and

2. Plaintiff is granted 21 days within which to complete and return the attached form notifying the court whether he wants to proceed against defendants Siebert, Henry and Woodfill on a claim for excessive force arising under the Eighth Amendment and a claim against defendant Carlisle on a claim for failure to protect from violence, also arising under the Eighth Amendment as detailed on page 7 of plaintiff's complaint, or whether he wishes to file an amended complaint in an attempt to cure the deficiencies in his complaint. If plaintiff does not return the form, this action will proceed on the claims described above.

Dated: March 20, 2020

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
brow2056.op

3

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN JUSTIN BROWNLEE,<br><br>    Plaintiff,<br><br>    v.<br><br>D. HENRY, et al.,<br><br>    Defendants. | No. 2:19-cv-2056 KJM CKD P<br><br>PLAINTIFF'S NOTICE OF<br><br>HOW TO PROCEED |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately against defendants Siebert, Henry and Woodfill on a claim for excessive force arising under the Eighth Amendment and a claim against defendant Carlisle on a claim for failure to protect from violence, also arising under the Eighth Amendment as detailed on page 7 of plaintiff's complaint

\_\_\_\_\_ Plaintiff wants time to file a second amended complaint.

DATED:

                                                                _____
                                                                 Plaintiff